UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CURTIS HOWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 22-11024-FDS |
| MASSACHUSETTS BAY TRANSIT ) | |
| AUTHORITY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS**

**SAYLOR, C.J.**

Plaintiff Curtis Howell has filed a civil action against defendant Massachusetts Bay Transit Authority ("MBTA"), alleging that it failed to provide him a reasonable accommodation after he inadvertently left his personal property (laptop computer, hair clippers, and papers for four actions he commenced in this court) on an MBTA train. He is proceeding *pro se*. For the reasons stated below, the court will dismiss the action for failure to state a claim upon which relief can be granted.

**I.    Background**

According to the complaint, on June 8, 2022, Howell exited the Green Line subway without taking with him his personal property (laptop computer, hair clippers, and papers for four actions he commenced in this court). It alleges that although he yelled at and tried to flag down the back operator of the train, the train departed with his effects. It further alleges that he took the next Green Line train one stop to the Government Center stop, which was the last stop of the train in which he had left his belongings. It alleges that after he explained his situation to the driver of the second train, that driver contacted the driver of the first train. According to the

complaint, Howell was informed that the MBTA had located his property. However, the only thing the MBTA offered to give him was a woman's handbag that did not belong to him. The complaint alleges that other efforts to find his property were unsuccessful.

The complaint alleges that the MBTA denied him a "reasonable accommodation . . . to receive video and audio assistance in connection with locating [his] laptop and [his] hair clippers and legal papers that were stolen." Am. Compl. at 1 (emphases omitted). It further alleges that the MBTA "denied [him] services and discriminated against [him] by permanently depriving [him] of [his] laptop and [his] hair clippers and also legal papers." *Id.* at 2. It seeks $20 million in damages.

On December 12, 2022, the Court issued an order stating, among other things, that the complaint failed to state a claim upon which relief can be granted, but that plaintiff would be given 28 days in which to file an amended complaint to cure the deficiencies identified by the Court.

On December 20, 2022, plaintiff filed an amended complaint. The complaint as amended does not add any new factual allegations.

**II.**     **Analysis**

Federal law authorizes a court to dismiss a complaint filed by a plaintiff proceeding *in forma pauperis* if the claims are frivolous, malicious, fail to state a claim on which relief can be granted, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). In conducting that review, the court must liberally construe the complaint because plaintiff is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

To state a claim upon which relief can be granted, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

The plaintiff's obligation to provide the grounds of his claim "requires more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "contain sufficient factual matter, accepted as true" to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard is not as onerous as a "'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). A plaintiff must "nudge[] [his] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Determining whether a pleading meets the plausibility requirement is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

The amended complaint again attempts to assert a claim under Title II of the Americans with Disabilities Act ("ADA"). That statute provides, in relevant part, that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. "The term 'qualified individual with a disability' means an individual with a disability who, with or without reasonable modifications to rules, policies, or practices . . . meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(b).

3

The complaint as amended does not allege facts from which the court may reasonably infer that the MBTA violated Title II of the ADA.  For purposes of this memorandum and order, the Court assumes, without deciding, that Howell has a "disability" within the meaning of the ADA.  The amended complaint, however, does not allege that the MBTA treated him differently from non-disabled customers.  And it does not plausibly allege how providing him "video and audio assistance" would have allowed him to access the benefits of the services, programs, or activities of the MBTA in the same way that non-disabled customers do.  In summary, there is no indication that the MBTA violated the ADA or otherwise acted unlawfully.

Accordingly, this action will be dismissed for failure to state a claim upon which relief can be granted.

### III. Conclusion

For the foregoing reasons, the motion of defendant Massachusetts Bay Transportation Authority to dismiss for failure to state a claim is GRANTED.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Dated: April 28, 2022
Chief Judge, United States District Court